IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUFUS HARTY KELSAW,

    Petitioner,                   No. CIV S-08-1612 MCE EFB P

    vs.

BOB HOREL, Warden,

    Respondent.               <u>ORDER</u>

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Pending before the court are respondent's motion to unseal petitioner's state court *Marsden*[1] hearing transcript, and petitioner's motions for discovery, to expand the record and for an evidentiary hearing, and to file an oversized brief. The court denies petitioner's motions for discovery and an evidentiary hearing and grants the other motions.

**I.     Motion to Unseal *Marsden* Hearing Transcript**

    Petitioner claims that his trial attorney rendered ineffective assistance by failing to move to exclude a witness' testimony on the ground that it was procured through prosecutorial misconduct. Pet. at 36-46. Petitioner explains that he raised this issue at trial in a sealed

---

[1] *People v. Marsden*, 2 Cal.3d 118 (1970) (holding that a defendant bringing a motion to substitute new counsel is entitled to an opportunity to state the reasons for his request).

1

*Marsden* hearing. *Id.* at 40. Respondent requests that the transcript of this hearing be unsealed so that he may fully address petitioner's underlying claim. Resp.'s Appl. to Unseal at 2. Petitioner has not opposed respondent's motion. In fact, he has asked the court to expand the record to include "the transmitted, sealed Marsden hearing; which the respondent is requesting in support of filing an answer." Pet'r's Mot. to Expand R. at 2.

As the transcript of the hearing appears to be relevant, and petitioner does not oppose its unsealing, the court grants respondent's motion.

**II.     Motion to Expand Record and for an Evidentiary Hearing**

Petitioner summarily requests an evidentiary hearing in the title of this pleading. *See id.* He also asks the court to expand the record to include 1) a declaration by his trial counsel; 2) the sealed transcript of the *Marsden* hearing described above; and 3) "any other information [the court] deems relevant." *Id.* Respondent opposes petitioner's request for an evidentiary hearing, but does not object to expanding the record to include the declaration and the hearing transcript. Resp.'s Resp. at 3.

A federal court must hold an evidentiary hearing where it appears that the allegations in the petition, if proved, would entitle the petitioner to relief, and the state court has not reliably found the relevant facts, unless the petitioner has failed to develop the factual basis of his claims in state court. *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005). *See* Rule 8(a), Rules Governing Section 2254 Cases (when a federal court does not summarily dismiss a petition for a writ of habeas corpus filed under § 2254, the judge "must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."). Similarly, a judge entertaining a habeas petition "may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a), Rules Governing Section 2254 Proceedings. Because of the nature and purpose of Rule 7, a party seeking to expand the record must demonstrate entitlement to an evidentiary hearing under the federal habeas statute. *Holland v. Jackson*, 542 U.S. 649, 653

(2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). Therefore, a petitioner seeking to expand the record or seeking an evidentiary hearing must generally allege facts, that if proven, would entitle him to relief. *Jones v. Wood*, 114 F.3d 1002, 1010 (9th Cir. 1997).

The court has not yet reviewed petitioner's claims in detail. Following a detailed review of the pleadings and records submitted in this action, the court *sua sponte* will order an evidentiary hearing if it appears necessary. The court denies petitioner's request for an evidentiary hearing without prejudice. For the sole reason that respondent does not object, the court grants petitioner's motion to expand the record to include the declaration and the hearing transcript.

## III. Request for Leave to Conduct Discovery

Petitioner has filed a motion to conduct discovery, with interrogatories, requests for admission, and requests for production of documents attached. Dckt. No. 23. Petitioner seeks discovery on only one of his claims, that his trial counsel rendered ineffective assistance by not moving to exclude a witness' testimony on the ground that it was procured by prosecutorial misconduct. Pet'r's Mot. Disc. at 3. Respondent argues that the court should deny petitioner's motion to conduct discovery because petitioner has not demonstrated good cause. Resp.'s Opp'n to Pet'r's Mot. Disc. at 2-3.

Discovery is not permitted as of right in habeas corpus proceedings. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). Rather, a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure, and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases. Whether a petitioner has established "good cause" for discovery requires the court to determine the essential elements of the petitioner's substantive claim and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). After reviewing petitioner's

3

allegations and his proposed discovery, the court finds that good cause does not exist to propound the discovery. Thus, the court denies his motion for leave to conduct discovery.

**IV.    Motion to File an Oversized Brief**

Petitioner has filed a motion to file an oversized brief. Dckt. No. 33. Respondent has not opposed the request. The court has not imposed page limits on the parties' briefs and petitioner's motion is unnecessary. However, the court will grant petitioner's motion and accept his filing.

Accordingly, it is ORDERED that:

1. Respondent's May 28, 2009 motion to unseal petitioner's state court *Marsden* transcript is granted.

2. Petitioner's June 25, 2009 motion to expand the record and for an evidentiary hearing is partially granted and partially denied. The record is expanded to include the declaration attached to petitioner's motion and the transcript of his state court *Marsden* hearing, Dckt. No. 21. Petitioner's request for an evidentiary hearing is denied without prejudice.

3. Petitioner's May 29, 2009 motion for discovery is denied.

4. Petitioner's August 24, 2009 motion to file an oversized brief is granted.

Dated: February 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE